V. LOEWER'S GAMBRINUS BREWERY CO. v. LITHAUER. (Supreme Court, Appellate Term. June, 1901.) Action by the V. Loewer's Gambrinus Brewery Company against Edward L. Lithauer. C. J. G. Hill, for plaintiff. Bennett & Silverman, for defendant.

PER CURIAM. There are cross appeals herein. It seems too late to question here the authority of the defendant officially to levy under the execution. Independently, also, of the question whether the lien of the chattel mortgage or that of the execution was prior in time, it seems to us that the court below should have dismissed the complaint upon the proof of the order of the defendant as marshal to Lewis Levy as marshal; he at that time holding the writ of replevin. The defendant thereby parted with possession, transferring it in obedience to the writ. That order subsequently appeared in plaintiff's possession. Judgment reversed, and new trial ordered, with costs to abide event.

WAGNER v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Louise Wagner against the Metropolitan Street Railway Company. No opinion. Appeal dismissed, with $10 costs.

WAHLHEIMER et al., Respondents, v. TRUSLOW, Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by George Wahlheimer and Henry Kretsch, carrying on business as copartners under the name and style of J. H. Miller, against Charles W. Truslow, individually and as trustee of the estate of William Wall, deceased, and George O. P. Howard. No opinion. Interlocutory judgment affirmed, with costs.

In re WALKER'S ESTATE. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) In the matter of the estate of David Walker, deceased. No opinion. Motion granted.

WARD v. WARD. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Victorine A. H. Ward against Eber Brock Ward. No opinion. Motion granted.

WEED v. DAVIDSON. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Sarah B. Weed against Phineas G. Davidson. No opinion. Motion granted, with $10 costs.

WEED v. DAVIDSON. (Supreme Court, Appellate Division, First Department. October 25, 1901.) Action by Sarah B. Weed against Phineas G. Davidson. No opinion. Motion granted, with $10 costs.

WEIANT, Respondent, v. ROCKLAND LAKE TRAP ROCK CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Laura A. Weiant against the Rockland Lake Trap Rock Company, Wilson P. Foss, and Jacob E. Conklin. No opinion. Motion denied.

WEIANT, Respondent, v. ROCKLAND LAKE TRAP ROCK CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Laura A. Weiant against the Rockland Lake Trap Rock Company, Wilson P. Foss, and Jacob E. Conklin. No opinion. Motion for leave to appeal to the court of appeals denied.

WEIANT, Respondent, v. ROCKLAND LAKE TRAP ROCK CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Action by Laura A. Weiant against the Rockland Lake Trap Rock Company, Wilson P. Foss, and Jacob E. Conklin. No opinion. Order affirmed, with $10 costs and disbursements.

WEIGEL, Respondent, v. BUFFALO RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Sophia B. Weigel against the Buffalo Railway Company. No opinion. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event. *Held*, that the damages are excessive and the proof of the defendant's negligence is unsatisfactory.

WEISS, Appellant, v. KOCHERSBERGER et ux., Respondents. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Adolph Weiss against Henry Kochersberger and Caroline Kochersberger. No opinion. Order affirmed, without costs.

WEISS, Respondent, v. WOLFF, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Isaac Weiss against Louis E. Wolff. A. Solomon, for appellant. S. Fleischmann, for respondent.

PER CURIAM. Second appeal. First judgment in favor of defendant reversed by appellate term. 33 Misc. Rep. 770, 67 N. Y. Supp. 1150. Second trial, judgment for plaintiff. If the first reversal was right, the issue being one of fact, this judgment must be affirmed. Judgment affirmed, with costs.